UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24382-BLOOM/Otazo-Reyes

BAYRON RODRIGUEZ,

    Petitioner,

v.

MICHAEL W. MEADE, Miami Field
Office Director, Enforcement and Removal
Operations, Immigration and Customs
Enforcement, Department of
Homeland Security, in his official capacity,

    Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Petitioner Bayron Rodriguez's ("Petitioner") Motion for Temporary Restraining Order, ECF No. [8] ("Motion"), filed on December 1, 2020.[1] The Motion seeks a temporary restraining order requiring Petitioner's immediate release from the custody of Immigration and Customs Enforcement ("ICE") because he was wrongfully denied a bond hearing before an Immigration Judge and because his continued detention is unconstitutional. Respondent Michael W. Meade ("Respondent") filed a Response in Opposition to the Motion, ECF No. [15] ("Response"). On December 15, 2020, Judge Otazo-Reyes held an Evidentiary Hearing on the Motion by Zoom videoconference. *See* ECF No. [18]. At Judge Otazo-Reyes's direction following the Evidentiary Hearing, the parties supplemented the record. *See* ECF Nos. [19], [20], & [21]. On January 13, 2021, Judge Otazo-Reyes issued her Report and

---

[1] This case was previously referred to the Honorable Alicia M. Otazo-Reyes for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. ECF No. [7].

Recommendation recommending that the Motion be denied. ECF No. [23] ("Report"). The Report further advised that any objections to the Magistrate Judge's findings were due within fourteen days of receipt. *Id.* at 12.

On January 26, 2021, Petitioner timely filed Objections to Judge Otazo-Reyes's Report, ECF No. [24] ("Objections"),[2] arguing that the Report failed to include any analysis on the applicability of the competing statutory provisions[3] raised in the Motion. Petitioner maintains that the issue of which INA provision governs his current immigration detention is the primary legal question presented in this case. In light of the Report's failure to address this question, Petitioner's Objection then reemphasizes the arguments presented in his Motion—namely, that § 1226(a), not § 1231(a), applies to his detention and reinstatement of removal order pending the conclusion of Petitioner's withholding-only proceedings.

This Court has conducted a *de novo* review of the record in this case and of the portions of the Report to which Petitioner has objected in accordance with 28 U.S.C. § 636(b)(1)(C), and it has reviewed the remainder of the Report for clear error. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds that Petitioner's Objections are without merit and are therefore overruled. *See Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

At the outset, the Court notes that Petitioner's Objections are improper, as they attempt to expand upon and reframe arguments originally raised in the Motion and considered by Judge Otazo-Reyes. Petitioner's Objections are, in essence, mere disagreements with the Report's

---

[2] Respondent did not submit any response to the Objections, and the time to do so has now passed.

[3] The two central statutes relevant to this Motion are 8 U.S.C. § 1226(a) and 8 U.S.C. § 1231(a) of the Immigration and Nationality Act ("INA").

ultimate conclusions. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Further, "[a]n objection must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020) (citing *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.")). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Here, Petitioner fails to point to specific errors in the Report's findings, reasoning, or conclusions; instead, he contends that, because the Report did not directly address the legal issues raised in the Motion, Judge Otazo-Reyes failed to adequately consider them. A review of the record belies this contention. *See Kapila v. Davis, Graham & Stubbs LLP*, No. 15-61016-CIV, 2018 WL 3716804, at *1 (S.D. Fla. Aug. 3, 2018), *j. entered*, No. 15-61016-CIV, 2018 WL 8578021 (S.D. Fla. Aug. 20, 2018). Although the Objections are due to be overruled on these bases alone, the Court has nevertheless considered the merits of Petitioner's Objections and finds that they must be overruled.

The Report correctly set forth the legal standard on motions for injunctive relief, and Petitioner has not raised any objection to Judge Otazo-Reyes's discussion on this point. The Court reiterates the applicable legal principles. To obtain injunctive relief, a movant must establish: (1)

"a substantial likelihood of success on the merits; (2) [an] irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be [averse] to the public interest." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). The Court of Appeals for the Eleventh Circuit has explained that these four requirements are also applicable to temporary restraining orders. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005).

> Generally, the first element is the most important because granting a motion for preliminary injunction would be inequitable if the movant has no chance of success on the merits. *See Butler v. Alabama Judicial Inquiry Comm'n*, 111 F. Supp. 2d 1224, 1229-30 (M.D. Fla. 2000). "If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) (citing *Pittman v. Cole*, 267 F.3d 1269 (11th Cir. 2001)).
> 
> The first element necessary to obtain a preliminary injunction, substantial likelihood of success on the merits, is satisfied if "good reasons for anticipating [success] are demonstrated." *Southern Wine and Spirits of America, Inc. v. Simpkins*, [No. 10-cv-21136, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011)]. Merely advancing a colorable claim is insufficient. *See id.*

*ADT LLC v. Vision Sec., LLC*, No. 13-cv-81197, 2014 WL 11512866, at *3 (S.D. Fla. Mar. 12, 2014), *report and recommendation adopted*, No. 13-cv-81197, 2014 WL 11512216 (S.D. Fla. July 25, 2014). "If the first element is unproven, a court can deny preliminary injunction without considering the others." *Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115, 1121 (M.D. Fla. 2019) (citing *Pittman*, 267 F.3d at 1292).

Moreover, it is well established that a "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). Indeed, injunctive relief "'is not the same as an adjudication on the merits,' but is merely a device created to preserve the rights of the parties until a determination can be made on the merits."

*Sandy's Cafe, LLC v. Santiago*, No. 18-10007-CIV, 2018 WL 3413042, at *19 (S.D. Fla. June 5, 2018) (quoting *Tipsey McStumbles, LLC v. Griffin*, No. CV 111-053, 2011 WL 13217129, at *1 n.1 (S.D. Ga. Aug. 2, 2011)); *see also Augusta Video, Inc. v. Augusta-Richmond Cnty., Ga.*, 249 F. App'x 93, 98 n.4 (11th Cir. 2007). Thus, a "preliminary injunction is an extraordinary remedy never awarded as of right." *Swain v. Junior*, 961 F.3d 1276, 1284 (11th Cir. 2020) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The point of this relief is to preserve the status quo until a final decision on the merits." *Sheets*, 415 F. Supp. 3d at 1121 (citing *Antoine on behalf of I.A. v. Sch. Bd. of Collier Cnty.*, 301 F. Supp. 3d 1195, 1202 (M.D. Fla. 2018)); *see also Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001). Ultimately, however, "[t]he decision to grant an injunction rests within the sound discretion of the district court[.]" *FHR TB, LLC v. TB Isle Resort, LP*, 865 F. Supp. 2d 1172, 1192 (S.D. Fla. 2011) (citing *Haitian Refugee Ctr., Inc. v. Christopher*, 43 F.3d 1431, 1432 (11th Cir. 1995)).

Additionally, a movant who seeks mandatory injunctive relief, "i.e., not just enjoining a party from acting but rather requiring some affirmative action," *id.*, faces a heightened burden of persuasion, and such relief "should not be issued unless the facts and law clearly favor the moving party," *Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th Cir. 2017) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976));[4] *see also Caron Found. of Fla., Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012) (reiterating that a mandatory injunction should not be granted "except in rare circumstances in which the facts and law are clearly in favor of the moving party").

Petitioner's first objection relates to the Report's purported lack of analysis addressing which INA provision—§ 1226(a) or § 1231(a)—governs Petitioner's immigration detention

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

pursuant to a reinstatement of removal order while he awaits the conclusion of his ongoing withholding-only proceedings. As Judge Otazo-Reyes explained in her Report, the Eleventh Circuit has not directly addressed this question to date, but various other Circuit Courts of Appeals across the nation are split on whether § 1226(a) or § 1231(a) governs a non-citizen's detention upon a reinstatement of removal, where the individual's withholding-only proceedings are ongoing. *See* ECF No. [23] at 9-10. Additionally, as Respondent points out, "[t]his exact issue with nearly identical circumstances as Petitioner [sic] is currently pending before both the [United States] Supreme Court and the Eleventh Circuit."[5] ECF No. [15] at 12. The parties have extensively briefed this issue and the resulting circuit split during the course of the proceedings in this case. Moreover, the parties presented additional argument on their respective positions during the Evidentiary Hearing before Judge Otazo-Reyes.

In her Report, after reviewing the applicable cases and noting the unsettled state of the law, Judge Otazo-Reyes ultimately concluded that Petitioner was not entitled to mandatory injunctive relief on his claim that § 1226(a) governed his detention because he had not clearly demonstrated that he had a substantial likelihood of prevailing on the merits of that claim. ECF No. [23] at 10-11. Petitioner now argues that Judge Otazo-Reyes's conclusion was unfounded and that a proper analysis of these issues will conclusively show "that the Circuit Courts that have found a right to release or bond in Petitioner's situation are correct, and that the contrary argument is completely unsupported by the law and illogical." ECF No. [24] at 2. Additionally, he contends that if this Court accepts Judge Otazo-Reyes's Report, "it is concluding that when an issue is on appeal, a

---

[5] The case currently before the Supreme Court, *Albence v. Guzman Chavez*, No. 19-897, is on review of a decision from the Court of Appeals for the Fourth Circuit, *Guzman Chavez v. Hott*, 940 F.3d 867 (4th Cir. 2019). Likewise, the Eleventh Circuit has a similar case pending, which on appeal from the Southern District of Florida, *Barr v. Radzhabov*, No. 18-14842-GG. However, *Radzhabov* has been stayed pending the forthcoming decision from the Supreme Court in *Albence*.

person entitled to release must remain imprisoned for months or years awaiting a decision from the Eleventh Circuit and Supreme Court, with no possible Habeas Corpus relief, no matter how meritorious their claim to freedom may be." *Id.* at 1-2.

Upon a thorough review, however, the Court concludes that Petitioner's Objection on this issue fails for a number of reasons. First, Petitioner seemingly conflates a finding that mandatory injunctive relief is unwarranted with a determination on the underlying merits of his claims. Yet, as the Court explained above, injunctive relief is a rare and extraordinary remedy that is distinct from an adjudication on the merits. *See Sandy's Cafe, LLC*, 2018 WL 3413042, at *19. Furthermore, in light of the mandatory injunction requested, Petitioner must overcome a heightened burden of persuasion by demonstrating that "the facts and law *clearly* [his] favor." *Powers*, 691 F. App'x at 583 (emphasis added).

Rather than attempting to address Judge Otazo-Reyes's conclusion that he had not met his burden of clearly establishing a substantial likelihood of success on his claims, Petitioner simply echoes his opinions on the merits of his claims. The Court is unpersuaded by Petitioner's implied argument that a clear and substantial likelihood of success exists, where the circuits are split on a highly unsettled question of law that is currently pending before the Supreme Court. *Cf. Grupo Mexicano de Desarrollo v. All. Bond Fund, Inc.*, 527 U.S. 308, 339 (1999) ("Plaintiffs with questionable claims would not meet the likelihood of success criterion."); *see also GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1365, 1370 (N.D. Ga. 2014) (denying request for preliminary injunction, and finding no substantial likelihood of success on the merits, where "the extent to which the Second Amendment protects individuals seeking to carry firearms outside the home, and the framework in which courts are to evaluate laws regulating firearm possession, remains unclear"), *aff'd*, 788 F.3d 1318 (11th Cir. 2015); *Jonathan D. Rosen*

*Fam. Found., Inc. v. Baran*, No. 1:19-cv-04301-ELR, 2020 WL 6018706, at *2 (N.D. Ga. Mar. 16, 2020) ("[A]t this juncture, the Court finds that Plaintiffs have not demonstrated a substantial likelihood of success on the merits because the issues in this case present a question that is too close to call at this stage of the proceedings."); *Stockstill v. City of Picayune*, No. 1:16-cv-4-LG-RHW, 2017 WL 3037431, at *10-11 (S.D. Miss. Jul. 18, 2017) ("But at the end of the day, a close question, in the Court's view, means that the plaintiff has not shown a substantial likelihood of success on the merits, which is the high burden he must carry at a preliminary injunction hearing.").

Petitioner has failed to meet his heavy burden on the first element of injunctive relief, and the Court need not consider the other three factors. *See Sheets*, 415 F. Supp. 3d at 1121 (M.D. Fla. 2019) ("If the first element is unproven, a court can deny preliminary injunction without considering the others." (citing *Pittman*, 267 F.3d at 1292)). Accordingly, the Court concludes that Petitioner is not entitled to injunctive relief on his claims under § 1226(a).

The Objections further contest Judge Otazo-Reyes's conclusion that Petitioner failed to establish that there was no significant likelihood of removal on his alternative claim that he should be released under § 1231(a) because he has been in custody for longer than the Supreme Court's six-month presumptive limit on constitutional detentions. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Although it is undisputed that Petitioner has been in ICE custody for over six months, Petitioner's Objections on this issue are premised upon the mistaken notion that release is automatic once the six-month period expires.

In *Zadvydas*, the Supreme Court concluded that § 1231(a)(6) does not authorize immigration officials to hold removable individuals in custody indefinitely. *Id.* at 689, 696-99. While it is constitutionally permissible for a person to be detained for the entire ninety-day removal period contemplated by statute, the Supreme Court held that they can be held for only a reasonable

period beyond that. *Id.* at 699-701. The Court explained that the statute contains an implicit temporal limitation on the government's authority to detain non-citizens and that the total reasonable period of detention (including the ordinary ninety-day removal period under § 1231(a)(1)-(2)) is presumed to be six months, unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

However, certain removable aliens may be detained beyond the ordinary ninety-day removal period. *See* § 1231(a)(6); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). For example, the Attorney General may detain an individual "who has been determined . . . to be a risk to the community or unlikely to comply with the order of removal" beyond the initial statutory period. § 1231(a)(6). Moreover, nothing in the Supreme Court's opinion in *Zadvydas* suggested that a non-citizen would be entitled to release simply because the post-removal period has expired. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. "Stated differently, a detainee is not entitled to release merely because a definite date of removal is unknown. The continued detention of aliens beyond the removal period is permissible so long as removal is reasonably foreseeable." *Guilarte v. Barr*, No. 4:20-cv-401-WS-MAF, 2020 WL 8084169, at *4 (N.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, No. 4:20-cv-401-WS/MAF, 2021 WL 75763 (N.D. Fla. Jan. 8, 2021).

> Court[s have also] held that "a delay in issuance of travel documents does not, without more, establish that a petitioner's removal will not occur in the reasonably foreseeable future[.]" *Linton v. Holder*, No. 10-20145-CIV, 2010 WL 4810842, at *4 (S.D. Fla. Oct. 4, 2010), *report and recommendation adopted*, No. 10-20145-CIV, 2010 WL 4810651 (S.D. Fla. Nov. 19, 2010).
> Other district courts have similarly concluded that the mere existence of a delay is not enough. *See, e.g.*, *Newell v. Holder*, 983 F. Supp. 2d 241, 248 (W.D.N.Y. 2013) (explaining the mere passage of time cannot satisfy a petitioner's burden that there is no significant likelihood of removal); *Gonzalez v. Bureau of Immigration & Customs Enf't*, No. CIV.A. 1:03-CV-178-C, 2004 WL 839654, at

9

*2 (N.D. Tex. Apr. 20, 2004) (concluding a misplaced travel document does not satisfy a petitioner's burden that there is no significant likelihood of removal, particularly when two subsequent travel documents were obtained).

*Davis v. Rhoden*, No. 19-cv-20082, 2019 WL 2290654, at *7 (S.D. Fla. Feb. 26, 2019), *report and recommendation adopted*, No. 19-20082-CIV, 2019 WL 2289624 (S.D. Fla. May 29, 2019).

Ultimately, to be granted relief from an order of detention pursuant to *Zadvydas*, a petitioner must first show that he has been detained beyond the presumptively reasonable six-month period for detention. *See Zadvydas*, 533 U.S. at 699-701; *see also Akinwale*, 287 F.3d at 1051-52. Second, a petitioner must provide good reason to believe that there is no significant likelihood of removal in the foreseeable future. *Zadvydas*, 533 U.S. at 698-701; *Akinwale*, 287 F.3d at 1052. Indeed, the Eleventh Circuit in *Akinwale* held that to state a claim under *Zadvydas*, the petitioner "must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Petitioner argues that his withholding-only proceedings negate any contention that removal is likely to occur in the foreseeable future. This Objection, however, lacks merit because it rests entirely upon a hypothetical, favorable resolution of his withholding-only proceedings, which is still in question at this juncture. These ongoing proceedings seem to be the cause of Petitioner's extended term of detention beyond *Zadvydas*'s presumptive six-month period. *See* ECF No. [15-11]; *see also, e.g.*, *Matos v. Lopez Vega*, --- F. Supp. 3d ---, No. 20-CIV-60784-RAR, 2020 WL 2298775, at *11 (S.D. Fla. May 6, 2020). Nonetheless, upon review of the record in this case, it is clear that "Petitioner's detention is not 'potentially permanent' or 'indefinite.' *See Zadvydas*, 533 U.S. at 690-91, 697. It is reasonably foreseeable that a termination point (i.e., removal) will occur" after the conclusion of Petitioner's withholding-only proceeding. *Davis*, 2019 WL 2290654, at *8. Thus, the Court agrees with the Report and concludes that Petitioner has not met his burden of

10

Case No. 20-cv-24382-BLOOM/Otazo-Reyes

establishing that no significant likelihood of removal will occur in the foreseeable future. *See Akinwale*, 287 F.3d at 1051-52.

Based on a review of the record in this case and the applicable law, the Court finds the Report to be well reasoned and correct. The Court agrees with Judge Otazo-Reyes's analysis and concludes that Petitioner's Motion must be denied for the reasons set forth in the Report.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Otazo-Reyes's Report and Recommendation, **ECF No. [23]**, is **ADOPTED**.

2. Petitioner's Motion for Temporary Restraining Order, **ECF No. [8]**, is **DENIED**.

3. Petitioner's Objections, **ECF No. [24]**, are **OVERRULED**.

4. **Within thirty (30) days from the date of this Order**, Respondent shall file a memorandum of fact and law to show cause why the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, **ECF No. [1]**, should not be granted and it shall simultaneously file all corresponding documents and transcripts necessary for the resolution of this action.

5. Petitioner is not required to file a reply, but may choose to do so. The reply shall be due **no later than seven (7) days** after the date that Respondent files its Answer and it shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 22, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record